*980 OPINION OF THE COURT
Leonard Silverman, J.
This claim is premised upon the failure of the Suffolk County Clerk to properly docket a judgment.
On November 25, 1975 claimant entered a judgment against Joan Morton and Michael Morton in the Supreme Court, Queens County. A transcript of the judgment was filed and docketed in the Suffolk County Clerk’s office on December 10, 1975. At the time the Mortons owned real property at 95 Manetto Hill Road, Huntington.
Joan Morton filed for bankruptcy on October 26, 1982. This filing prevented an execution against her home to satisfy the judgment. Claimant’s statutory lien was automatically preserved for 30 days after the bankruptcy stay was lifted. By notice of motion dated December 6, 1985 claimant moved in Suffolk County Supreme Court to extend its lien for 10 additional years. The motion was granted by Justice John G. McCarthy in an order dated February 25, 1986. The order provides that "the lien of plaintiff’s judgment upon the real property at 95 Manetto Hill Road, Huntington, New York, is extended for as long as plaintiff is stayed by defendant Joan Morton’s filing of a petition in Bankruptcy, plus three months after the lifting of such stay” (emphasis in original). The short form order prepared by the court was filed in the Suffolk County Clerk’s office on May 1, 1986. It was never entered in the docket books against the named defendants. The Suffolk County Clerk did not maintain a docket book indexing judgments by section, lot and block numbers.
By a deed recorded in the Clerk’s office on April 1, 1986 (after issuance of the order but before its filing), Michael and Joan Morton transferred title to the aforementioned property to their sons, Bradley and Kevin. The deed indicated the transfer was for no consideration.
By a deed dated October 12, 1989 and recorded November 2, 1989, Bradley and Kevin Morton sold the property to Harold Glasband for $210,000.
On September 28, 1990 Justice Daniel Luciano issued a short form order that the lien was extended with respect to Joan Morton for six years, 10 months and four days after August 30, 1989, and with respect to Michael Morton for nine months after the date of the order.
An attorney for claimant testified that on November 30, 1990 he became aware that the Mortons had transferred title *981 to the property. Out of concern about the lien, he visited the County Clerk’s office on December 6, 1990 to examine the judgment role. He found no entry in the docket books pertaining to the order of February 25, 1986. He brought this to the attention of the Clerk’s office. The next day, December 7, 1990, a notation referring to the February 25, 1986 order was made in the judgment docket.
A Sheriff’s sale of the property was scheduled for February 25, 1991. However, that sale was stayed by court order. Mr. Glasband, despite a directive in that order not to convey or encumber, sold the premises to bona fide purchasers on April 19, 1991 for $310,000.
The claim was filed with the court and served upon the defendant on March 6, 1991. The defendant raises the untimeliness of the claim in its answer as an affirmative defense.
This claim seeks damages as a result of the alleged negligence of State employees.* The damages sought are for an injury to property (General Construction Law § 25-b; Jay Bee Apparel Stores v 563-565 Main St. Realty Corp., 130 Misc 23, affd 226 App Div 721). A claim or notice of intention to file a claim, to recover damages for an injury to property caused by the negligence of a State employee must be filed within 90 days after accrual of the claim (Court of Claims Act § 10 [3]). There was no notice of intention filed or served in this matter.
Generally a period of limitations is measured from the date on which the cause of action accrued. This has been held to mean the time when a plaintiff can commence the particular action. It is not, however, identical to the phrase "claim accrued” as that phrase is used in the statute. A claim accrues when damages accrue (Bronxville Palmer v State of New York, 36 AD2d 647) or can be reasonably ascertained (Johnson v State of New York, 131 Misc 2d 630).
Claimant contends that the claim filed and served on March 6,1991 was timely by virtue of it being filed and served on the 90th day after discovery of the error on December 6,1990.
Claimant’s argument that the claim should be deemed to accrue upon its discovery may have logic and equity on its side, but the argument is contrary to the law of this State.
New York courts have repeatedly declined to adopt the *982 "discovery rule” in connection with negligence cases (see, Bassile v Covenant House, 152 Misc 2d 88, and cases cited therein). Accrual on discovery is applicable only in limited instances and even then it is usually applicable by virtue of a statute. The discovery rule does not apply to the negligence of State employees in performing ministerial acts associated with processing or filing documents (Di Maio v State of New York, 128 Misc 2d 101; Johnson v State of New York, supra; Manufacturers Trust Co. v State of New York, 207 Misc 152; Davis v State of New York, 84 Misc 2d 597, revd other grounds 54 AD2d 126).
If we were to adopt the discovery rule advanced by claimant, the State would be subject to suit for an indefinite period of time. This is contrary to the intent of the Legislature which enacted the time limitations set forth in Court of Claims Act §10.
The negligence complained of was the failure to record the order of February 25, 1986 in the docket book. The order was filed on May 1, 1986 and it allegedly should have been recorded in the docket book on or about the same date. This was not the date of accrual, however, since claimant had not sustained any damage by the mere failure to record the order. Damages became ascertainable when the property was transferred (Matter of National Westminister Bank USA v State of New York, Ct Cl, June 15, 1987, Rossetti, J., M-36296). Even if we ignore the transfer from the Mortons to their sons on April 1, 1986 as being one to defraud creditors, the property was transferred to an alleged bona fide purchaser, Harold Glasband, on October 12, 1989. It was this later date that claimant’s damages became ascertainable. Claimant’s lack of knowledge of the facts does not toll the running of the statute (Manufacturers Trust Co. v State of New York, supra; Medina Med. Bldg, v Erie County Sheriff’s Dept., 55 AD2d 1026). While claimant has a right to assume a public officer will properly perform an official function, the failure to properly docket a judgment is an easily ascertainable fact within a short time after the omission occurs. We cannot adopt a rule which in the absence of fraud would toll the running of the statutory period until claimant discovered the error (Pierson v City of New York, 56 NY2d 950).
Even if we adopted a "discovery rule”, claimant became aware of the transfer of title to Mr. Glasband on November 30, 1990. On that date claimant had reason to believe it sustained an injury. This was the date upon which we would *983 find that claimant discovered its injury and the statutory period for filing a claim would begin to run (Kitonyi v Albany County, 128 AD2d 1018).
Accordingly, the claim was not filed within 90 days after the cause of action accrued and it must be dismissed (Court of Claims Act § 10 [3]; Byrne v State of New York, 104 AD2d 782).
The foregoing result may work an injustice but this court is not at liberty to defy statutory mandates and appellate interpretation of those statutes. Any change in the law must come from legislative action. Until such time, claimant and others similarly situated must examine the records, which are readily available for inspection, to ensure proper recording and filing.
Accordingly, the motion made by the defendant at the close of trial to dismiss the claim on its merits is granted, and the claim is dismissed. The Clerk of the Court shall enter judgment in favor of the defendant, the State of New York, against the claimant, Flushing National Bank (now known as National Bank of New York City), dismissing the claim on its merits.

 There is no doubt that the County Clerk is a State employee when it comes to filing and recording a judgment (National Westminister Bank USA v State of New York, 76 NY2d 507; Haskins v State of New York, 145 AD2d 915).