773 So.2d 403 (2000)
Derryell DURR, A Minor by and through his Mother and Next Friend, Maggie DURR, Appellant,
v.
UNIVERSITY HOSPITAL and any and All Physicians or Other Personnel Tending the Birth of Derryell Durr On January 28, 1985, Appellees.
No. 1999-CA-00757-COA.
Court of Appeals of Mississippi.
December 5, 2000.
John Hubert Anderson, Hattiesburg, Attorney for Appellant.
Joseph L. McCoy, Roxanne Penton Case, Jackson, Attorneys for Appellees.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
IRVING, J., for the Court:
¶ 1. This appeal is from the dismissal of a complaint filed by Maggie Durr against the University of Mississippi Medical Center (UMMC), a state university and hospital, alleging negligence during the birth of her son, Derryell. The complaint was dismissed with prejudice by the Hinds County Circuit Court on the ground that it was barred by the Mississippi Tort Claims Act and/or by the doctrine of sovereign immunity. Feeling aggrieved, Durr filed this appeal. Her sole issue on appeal is: whether or not the State Tort Claims Act is to be followed in claims accruing prior to its effective date. Finding no reversible error, we affirm the trial judge's dismissal of Durr's complaint.

FACTS
¶ 2. On January 28, 1985, Maggie Durr gave birth to Derryell Durr at UMMC. On September 5, 1997, Durr filed her complaint against UMMC. In the complaint, she alleged that UMMC's negligence during *404 the birth of her child resulted in the child suffering birth defects and other complications. UMMC filed an answer in which it denied all liability and affirmatively asserted that the claim was barred because Durr failed to abide by the notice provision of the Mississippi Tort Claims Act. UMMC also affirmatively asserted that it was immune from liability pursuant to the doctrine of sovereign immunity.

Analysis of Issues Presented

The Applicability of the Tort Claims Act
¶ 3. Durr argues that her cause of action accrued in January 1985 and predates the Mississippi Tort Claims Act which did not take effect until April 1993. Therefore, contends Durr, it was impossible and unnecessary for her to comply with the notice provision of the Act. Durr contends that the date of the alleged injury is the date of the claim and argues against the applicability of the Tort Claims Act. Her argument is that her claim rightfully belongs in the group of cases which accrued during the time when sovereign immunity was waived up to the amount of any insurance purchased by the State agency.
¶ 4. Durr admitted that she did not give or attempt to give any notice pursuant to the Tort Claims Act. The trial judge ruled that the Tort Claims Act applied and that even if it did not, the claim was barred under the doctrine of sovereign immunity.
¶ 5. Mississippi Code Annotated § 15-1-36(1) (Supp.2000) provides a two year statute of limitation for commencing medical malpractice actions. The two year period begins to run "from the date of the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." Therefore, Durr's action accrued when she first learned of or discovered her child's defects, notwithstanding the fact that the action was not filed until some later date within the statute of limitations. Neither party argues on appeal that Durr's action is time barred although that was one of the affirmative defenses raised by the appellees in the trial court. Since neither party raises the time bar issue, we will not comment further in that respect.
¶ 6. As stated, Durr argues that her cause of action accrued prior to the effective date of the Tort Claims Act. We, however, are unable to tell from the record just when she knew or learned of the negligence undergirding her claim. We assume, in light of her contention that her cause of action accrued prior to the effective date of the Tort Claims Act, that she learned of the alleged defects at or about the time of the birth of her child.
¶ 7. In Prince v. Louisville Municipal School District, 741 So.2d 207, 210 (Miss. 1999), the Mississippi Supreme Court stated:
In 1982, this Court abolished judicially created sovereign immunity in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), holding that it was the legislature's duty to determine the extent of sovereign immunity. The legislature responded by enacting Mississippi Code Annotated § 11-46-1 et seq., which was a comprehensive tort claims act providing a limited waiver of sovereign immunity. Hord v. City of Yazoo City, 702 So.2d 121, 123 (Miss.1997). However, Miss.Code Ann. § 11-46-6 stated that the Act was not yet effective and that the common law that existed before Pruett would govern until the act became effective. In 1992, in Presley v. Mississippi State Highway Commission, 608 So.2d 1288 (Miss.1992), we held that Miss.Code Ann. § 11-46-6 was unconstitutional because it sought to revive law by reference. Subsequently, we held that Presley was to be applied prospectively only. Robinson v. Stewart, 655 So.2d 866 (Miss.1995). Jackson v. Daley, 739 So.2d 1031, 1040 (Miss. 1999). The case sub judice is a post-Pruett, pre-Presley cause of action because it arose August 29, 1991. Therefore, according to Robinson, we must follow § 11-46-6 which directs us to apply *405 pre-Pruett common law. Jackson, 739 So.2d at 1040.
For the District, the doctrine of sovereign immunity mandates a finding of non-liability. See Gressett v. Newton Separate Mun. School Dist., 697 So.2d 444, 445-46 (Miss.1997) (finding school district was protected by sovereign immunity for incident occurring in August 1993).
¶ 8. We accept Durr's assertion that her cause of action accrued prior to the enactment of the Tort Claims Act. Therefore, according to Prince and the authorities cited therein, we follow Miss. Code Ann. § 11-46-6 which directs us to apply pre-Pruett common law. Accordingly, we hold that the doctrine of sovereign immunity protects UMMC from the suit brought by Durr. The trial judge did not err in granting summary judgment in UMMC's favor.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE CLAIM WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.