828 So.2d 821 (2002)
Patty YOUNG, Appellant,
v.
William (Bill) BENSON and State Farm Fire & Casualty Insurance Company, Appellees.
No. 2001-CP-00709-COA.
Court of Appeals of Mississippi.
January 15, 2002.
Rehearing Denied April 16, 2002.
Certiorari Denied October 10, 2002.
*822 Patty Young, Pro Se.
William M. Beasley, Scott Timothy Ellzey, Tupelo, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Patty Young brought suit against Lee County Chancery Clerk William Benson, alleging an improper delay in paying her $415 that she was due as a result of other litigation. Benson's motion to dismiss the suit for failure to state a claim was granted. Young alleges on appeal that the dismissal was premature as discovery had not been completed, that Benson did not have quasi judicial immunity, and that she was the victim of various due process and equal protection violations. We find no error and affirm.

STATEMENT OF THE FACTS
¶ 2. Patty Young brought suit in December 1999, alleging that Benson ignored a chancellor's order to disburse $415 to her. Young alleges that she should have received this court-ordered disbursement "around the 1st of 1998," but instead did not receive any compensation from Benson until July of 1998. Young alleges Benson retained her funds in his personal interest *823 bearing account; when she finally received her funds, the check by which she was paid was no longer negotiable.
¶ 3. On Benson's motion, the suit was dismissed with prejudice in July 2000. The trial court's order found the allegations deficient for the following reasons: 1) Benson is protected by quasi-judicial immunity; 2) Young's complaint fails to state a ground upon which relief can be granted; 3) Young failed to allege any specific constitutional right that has been violated; and 4) a statutory bar imposed, due to the expiration of the applicable one-year statute of limitations.
¶ 4. Young alleges three main issues in her pro se appeal, with various sub-issues. Benson raises one of his own, by asking that monetary sanctions be imposed for Young's bringing of a frivolous appeal. We review the propriety both of the trial court's dismissal and of our granting sanctions.

DISCUSSION
1. Statute of Limitations
¶ 5. The factual basis of Young's claim is clear enough. It is that the clerk for six months retained $415 due her from a settlement of other litigation. She alleges that this money was reimbursement for medical bills she had paid arising from her daughter's injuries in an automobile accident. In the present suit, Young alleges both that the clerk gained the benefit of the interest on this $415 for the delay period, but also that the original check given the clerk still existed and had passed the time to be negotiated when he belatedly gave it to her. As a result, she sought $600,000 from the clerk and the company issuing his official bond.
¶ 6. If "the plaintiff can prove no set of facts" that would entitle her to relief, then her complaint should be dismissed. Bias v. Bias, 493 So.2d 342, 343-44 (Miss.1986). We have earlier listed the reasons that the court dismissed this complaint. We need not review each of the justifications, since one clearly appropriate reason will cause us to affirm. DeFoe v. Great S. Nat'l Bank, N.A., 547 So.2d 786, 788 (Miss.1989).
¶ 7. We look, then, solely at the statute of limitations issue. This suit against a public official for acts performed in his official capacity needed to be brought under the Mississippi Governmental Immunity Act. Miss.Code Ann. §§ 11-46-1 through 11-46-23 (Supp.2001). This act waives sovereign immunity on claims for money damages arising from tort, but only under the conditions and with the restrictions set out in the act. Miss.Code Ann. § 11-46-5 (Supp.2001). There is a one year statute of limitations for such suits. Miss.Code Ann. 11-46-11(3) (Supp.2001).
¶ 8. Whether the statute of limitations bars this action depends on when the cause of action accrued. That event was when the clerk received the $415 for disbursement and then allegedly failed to pay Young. Young in her complaint alleged that Benson received the money in late 1997 and "around the 1st of 1998" was ordered by the chancery court to disburse the funds. Whenever that was, it was well more than a year until the last of 1999, or more precisely, December 6,1999, when suit was filed.
¶ 9. The trial court was correct in dismissing because there were no set of facts that Young could prove that would overcome the statute of limitations bar. We need not discuss the remaining allegations of error raised by Young. Instead, we examine Benson's request that this Court impose monetary sanctions for Young's pursuit of a frivolous appeal.
*824 II. Sanctions Under Mississippi Rule of Appellate Procedure 38
¶ 10. Benson asks this Court to consider sanctions against Young for what he describes in his brief, as a "continuation of a well-worn path taken by Patty Young... to espouse nothing more than personal attacks on the Mississippi judicial system, the Mississippi State Bar Association, and specifically, the Circuit Court in this matter." Benson cites an appellate rule that requires that briefs to this Court that show disrespect or contempt to be "stricken from the files, and the appropriate court will take such further action as it may deem proper." M.R.A.P. 28(k).
¶ 11. This rule concerns disrespectful language that appears in the brief. We cannot agree that Young is being disrespectful or contemptuous. She may be asserting baseless claims of error, including that the chancery clerk violated her civil rights by his delay in paying money. She alleges the trial judge was not impartial, and indeed she sought his recusal in the lower court proceedings. With all respect for both parties, we find that Benson's counsel has been as strong in denouncing Young's arguments as the reverse has occurred. We do not find that either party moved into the realm of matters that need to be stricken from briefs.
¶ 12. Benson also asks this Court to impose sanctions under this rule:
In a civil case to which Miss.Code Ann. § 11-3-23 (Supp.1986) does not apply, if the Supreme Court or the Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.
M.R.A.P. 38. The reference to section 11-3-23 is to a statute that requires a fifteen per cent penalty on affirming of a money judgment. That statute does not apply here.
¶ 13. Benson's argument is valid. The appeal here is totally without merit since the application of the statute of limitation is unavoidable and its effect in ending the claim is clear. It does not matter that Young appears here without counsel. "Pro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987).
¶ 14. The Mississippi Supreme Court has equated the Rule 38 frivolousness to the definition of the same concept in Mississippi Rule of Civil Procedure 11. Roussel v. Hutton, 638 So.2d 1305, 1318 (Miss.1994). The question is whether a reasonable person would have any hope for success. If not, the pleading is frivolous. Id. There was no hope. The matter was pursued anyway.
¶ 15. We impose double costs of the appeal against Young as the most appropriate sanction.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING THE COMPLAINT IS AFFIRMED. DOUBLE COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.