CARLTON, J.,
concurring in part and dissenting in part:
¶ 47. In this case, I submit that the actions against the separately named defendants face different statutes of limitation. I concur with the majority that the action against the separate defendant Un *831 ion is not barred by the MTCA. See Estate of Spiegel v. Western Surety Co., 908 So.2d 859, 863-64 (¶ 18) (Miss.Ct.App.2005). I also concur with the majority’s determination that MTCA one-year statute of limitations applies to the claims against defendant Newton County and defendant Bounds, the former circuit clerk. However, I find that the one-year statute of limitations of the MTCA fails to apply to the action against the separate defendant Union as surety on Bounds’s public-official bond for breach of express contract. See U.S. Fid. & Guar. Co. v. Melson, 809 So.2d 647, 652 (¶ 18) (Miss.2002).
¶ 48. With respect to immunity and liability in this case, I further submit that MTCA discretionary immunity governs and bars the action against the Newton County and Bounds as a governmental entity and government official, respectively. The trial court thus erred in failing to grant Newton County’s motion for summary judgment. The circuit clerk possesses discretion to approve sureties, discretion in how to evaluate the sufficiency of a surety, and discretion to decline sureties. The plain language of Mississippi Code Annotated section 11-51-33 (Rev.2012) expressly provides discretion as to how the circuit clerk approves sureties on superse-deas bonds.[12] Additionally, Mississippi Rule of Appellate Procedure 8(a) applies to money judgments and clearly reflects the trial court clerk’s discretion in approving a bond with two or more sufficient sureties and also reflects that the clerk possesses even the discretion to decline approval of the bond. See also Journeay v. Berry, 953 So.2d 1145, 1162 (¶ 62) (Miss.Ct.App.2007) (finding trial court acted within its “discretion” in setting $18,250 supersedeas bond in appeal of restrictive covenant case); Deal v. Wilson, 922 So.2d 24, 30 (¶ 17) (Miss.Ct.App.2005) (addressing provisions of Mississippi Rule of Appellate Procedure 8).
¶ 49. When assessing liability against Union for the failure of his performance, the crux of the issue, in my view, is whether Bounds abused his discretion and failed to properly perform his statutory duties. The record reflects that Bounds indeed abused his discretion in this case, but the MTCA provides immunity to government officials for abuses of discretion occurring within the scope of their official discretionary duties. Miss.Code Ann. § 11-46-9(l)(d) (Rev.2012); see also Melson, 809 So.2d at 655 (¶ 34) (“In order for the surety to be held liable under its public-official bond, the official’s act or omission must be within scope or duties of his office.”). Bounds, in his capacity as circuit clerk for the county, thus possessed immunity from liability pursuant to the governmental discretionary immunity of the MTCA.
¶ 50. However, in applying precedent, including precedent pertaining to public-official bonds and voluntary contractual obligations, I find no error in the trial court’s ruling that Bounds remained accountable for the breach of his duties under his surety contract with Union, wherein he voluntarily agreed to indemnify Union for such a breach. Union, as surety, was still liable to Dukes and Jordan for the breach of Bounds’s performance of his duties in accordance with the express terms of the surety contract. In City of Mound Bayou v. Johnson, 562 So.2d 1212, 1216 (Miss.1990), the supreme court explained that the surety’s liability is derivative of the conduct and default of the principal, whose conduct is measured by other standards.[13]
*832 ¶ 51. Since the action against Union is for breach of express contract, I submit that the trial court properly applied the catch-all statute of limitations of Mississippi Code Annotated section 15-1-49 (Rev. 2012) to the action against Union as surety for breach of its express contract. Therefore, since the action constitutes a claim against Union, as surety of the former circuit clerk, for breach of the express terms of the public official bond, the MTCA fails to apply as to the action against Union. See Estate of Spiegel v. W. Sur. Co., 908 So.2d 859, 863-64 (¶ 18) (Miss.Ct.App.2005).
¶ 52. In Spiegel, this court addressed similar issues in a matter where more than one statute of limitations applied as to the various separate defendants. There, this Court explained that the MTCA applied to the action against the former circuit clerk in that case, but that the MTCA failed to apply to the breach-of-express contract claim against the surety of the former circuit clerk. Id. The Spiegel court also explained that since the MTCA applied to the action against the former circuit clerk, but not to his surety, more than one statute of limitations applied to the separate, various named defendants in that case. Id. at 864 (¶ 19).[14] The Court concluded that general provisions of law applied, not the MTCA, to the action against the surety as a separate defendant for breach of express contract.[15]
¶ 53. Recently, in Herndon v. Mississippi Forestry Commission, 67 So.3d 788, 792 (¶ 10) (Miss.Ct.App.2010), this Court recognized that “if a statute is plain and unambiguous, there is no need for statutory interpretation.” (Citing Miss. Methodist Hosp. & Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 607 (¶ 18) (Miss.2009)). The Herndon court acknowledged the supreme court’s guidance that
statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue. The best evidence of legislative intent is the text of the statute; the Court may also look to the statute’s historical background, purpose, and objectives. If a statute is ambiguous, it is the Court’s duty to “carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.
Id. (citing Miss. Methodist Hosp., 21 So.3d at 607-08 (¶ 18).
¶ 54. Since the statute and Rule 8(a) clearly reflect that the trial clerk possesses discretion in approving a bond with sufficient sureties or in declining such approval, I conclude that the circuit court should have granted Newton County’s motion for summary judgment because no question of material fact exists as to Bounds’s or Newton County’s immunity from Dukes’s and Jordan’s lawsuits based upon governmental discretionary immunity under the MTCA. See Miss.Code Ann. § 11-46-9(l)(d) (a governmental entity is not liable *833 for any clam based upon the exercise or performance of, or failure to exercise or perform, a discretionary function or duty on the part of an employee whether or not the discretion is abused). Bounds testified in his deposition that he believed that he had faithfully executed the duties of his office when approving the bond.
¶ 55. Accordingly, I respectfully concur in part and dissent in part.
ISHEE, J., JOINS THIS OPINION.

. See also Journeay v. Berry, 953 So.2d 1145, 1162 (¶ 62) (Miss.Ct.App.2007).

. Compare McBride v. Aetna Cas. & Sur. Co., 583 So.2d 974, 975 (Miss.1991); U.S. Fid. & Guar. Co. v. Citizens' State Bank of Moorhead, *832 150 Miss. 386, 386, 116 So. 605, 608 (1928) (fidelity bond is in nature of indemnity and is to be construed by rules of contracts of insurance).

. See also Fid. & Guar. Ins. Co. v. Blount, 63 So.3d 453, 460 (¶ 29) (Miss.2011) ("issuance of surety bond creates contractual relationship between surety and its principal”; relationship is one of fiduciary nature where surety is bound by actions of principal).

. I submit that Bounds's duty to indemnify Union stemmed from the contract he signed with Union wherein he agreed to indemnify and save Union from and against every claim, demand, liability, loss, fees, charge, expense, suit, order, judgment, and adjudication whatsoever, counsel fees, and including liability therefor sustained or incurred as a consequence of having executed bonds for and on behalf of Bounds. Witnesses observed Bounds's signature on the bond application with Union.