BARNES, J.,
for the Court:
¶ 1. Claude Pickett received a settlement from the makers of the diet drug Fen-Phen in February 2000. In March 2010, he sued his attorneys, claiming he *589 was not paid the agreed-to settlement amount. The circuit court found the statute of limitations had run and granted summary judgment in favor of the attorneys. We affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. After the United States Food and Drug Administration warned of dangers associated with the diet drug Fen-Phen, Pickett hired Michael T. Gallagher of Gallagher, Young, Lewis, Hampton, & Downey L.L.P. (Gallagher) to represent him in a lawsuit against the maker of the drug, American Home Products. Robert C. Arledge and Richard Schwartz of Schwartz & Associates P.A. (Schwartz) also retained clients for the litigation, but all clients retained by Arledge and Schwartz were referred to Gallagher. A suit styled Trina Washington v. American Home Products, Cause No. 99-0035, was filed in Jefferson County in 1999. Pickett was one of the five trial plaintiffs. The jury awarded the plaintiffs $30,000,000 each in compensatory damages. The trial court deemed the case appropriate for consideration of punitive damages. But on December 21, 1999, before the punitive-damages issue was submitted to the jury, a settlement was reached, whereby each plaintiff would receive $5,000,000. Pickett signed a settlement release on January 21, 2000. After attorneys’ fees and expenses were deducted, the plaintiffs each received approximately $2,900,000 in February 2000.
¶ 3. Aggrieved with the amount of their settlement checks, on March 22, 2010, three of the five plaintiffs — Pickett, Brenda Hamm, and Kenya Gaines Thompson— filed suit against Gallagher, Schwartz, and Arledge. The plaintiffs alleged they settled for $5,000,000 each, net of attorneys’ fees and expenses; thus, their $2,900,000 checks shorted them $2,100,000. The plaintiffs admit signing a settlement agreement/release prior to receiving their checks. But they argue they were not given an opportunity to review the documents, and their attorneys were not present for them to ask questions. Based on these facts, the plaintiffs’ complaint alleged claims for breach of fiduciary duty, breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation, fraud, civil conspiracy, conversion, unjust enrichment, estoppel and detrimental reliance, fraudulent inducement, and fraudulent concealment.
¶ 4. In response to the complaint, Schwartz filed a motion to dismiss, citing the running of the applicable three-year statute of limitations. Schwartz argued that the limitations period had clearly run, as the plaintiffs’ claims were filed more than ten years after the settlement. The trial court denied the motion, however, finding that fact questions existed regarding fraudulent concealment. The trial court went on to state that “after discovery, if the [p]laintiff has not put forth sufficient evidence to support these claims, these arguments may be properly brought before this [cjourt in a motion for summary judgment.”
¶ 5. Pickett and the other plaintiffs were deposed. Then on December 22, 2011, Schwartz moved for summary judgment, again arguing the statute of limitations had run. Gallagher later appeared specially to join the motion, as he maintained he was never properly served with process. Instead of filing a response, on January 10, 2012, plaintiffs’ counsel filed a motion to withdraw and for an extension of time for the plaintiffs to respond to the summary-judgment motion. The motion to withdraw was granted. Instead of granting more time, the trial court dismissed the plaintiffs’ claims without preju *590 dice and instructed them to retain new counsel by May 14, 2012, or inform the trial court in writing if they intended to proceed pro se, at which time the case would be placed back on the docket. The pending summary-judgment motion was set for a hearing on May 14, 2012.
¶ 6. On May 7, 2012, Pickett informed the trial court that he would proceed pro se while looking for new counsel. The May 14 hearing was reset for June 18, 2012. On June 18, Pickett and Thompson appeared in court. Pickett claimed to have retained counsel. However, the attorney with Pickett stated that he had only recently been approached about the case and had not had time to review it. He stated that he would “look into it” if the court granted more time. The trial court denied the request, stating that the plaintiffs had been given two prior extensions of time to retain counsel. The trial court also pointed out that no response was filed to the December 22, 2011 summary-judgment motion. The trial court then told the plaintiffs that if they desired to file anything else, it must be done by the next day.
¶ 7. The next day, Pickett submitted a letter to the court. In the letter, he requested a jury trial and stated:
Information received from American Home Products!,] currently known as Pfizer!,] and the Jefferson County Circuit Clerk indicated several discrepancies in this case. Namely, discrepancies in the amount awarded versus the actual amount paid out. Next, there were five plaintiffs; however, documentation is indicating there were 14 plaintiffs. Thirdly, there also existed a contradiction in the case number I was originally assigned and the case number I was paid under. Furthermore, twelve pages from American Home Products’ release were missing. Lastly, I also was not provided after several requests to receive statements of release from the settling attorney.
¶ 8. The trial court found the letter insufficient to establish a factual basis for a fraudulent-concealment defense to the expired statute of limitations. On June 26, 2012, the trial court granted the defendants’ summary-judgment motion, dismissing the claims with prejudice. Pickett appealed.
STANDARD OF REVIEW
¶ 9. “A trial court’s grant of summary judgment is reviewed de novo.” Johnson v. Pace, 122 So.3d 66, 68 (¶ 7) (Miss.2013). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The evidence presented must be viewed in the light most favorable to the nonmoving party. Johnson, 122 So.3d at 68 (¶ 7). “However, the opposing party ‘may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.’ ” Banks ex rel. Banks v. Sherwin-Williams Co., 134 So.3d 706, 710 (¶ 9) (Miss.2014) (quoting M.R.C.P. 56(e)).
DISCUSSION
I. Statute of Limitations
¶ 10. Before beginning, we note that Pickett is proceeding pro se on appeal. Pickett’s brief, which is in the form of a letter, contains various grievances, but no arguments or law. “While pro se litigants are afforded some leniency, they ‘must be held to substantially the same *591 standards of litigation conduct as members of the bar.’ ” Sumrell v. State, 972 So.2d 572, 574 (¶ 6) (Miss.2008) (quoting Perry v. Andy, 858 So.2d 143, 146 (¶ 13) (Miss. 2003)). Mississippi Rule of Appellate Procedure 28(a) sets out the requirements for appellants’ briefs. Included in these requirements is Rule 28(a)(6), which states that an appellant’s brief must contain an argument section with “citations to authorities, statutes, and the part of the record relied on.” Failure to comply with Rule 28 is a procedural bar to appellate review. Fair v. Miss. Dep’t of Emp’t Sec., 122 So.3d 165, 166 (¶ 5) (Miss.Ct.App.2013). Thus, based on the failure to comply with Rule 28 alone, Pickett’s appeal is procedurally barred. Procedural bar notwithstanding, we find the trial court properly found the complaint barred by the statute of limitations.
¶ 11. The parties do not dispute that the statute of limitations for the causes of action raised in Pickett’s complaint is three years. See Miss.Code Ann. § 15-1-49(1) (Rev. 2012) (providing three-year statute of limitations for “actions for which no other period of limitation is prescribed”). The statute of limitation for legal-malpractice-based actions “begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer.” Champluvier v. Beck, 909 So.2d 1061, 1063 (¶ 11) (Miss.2004) (quoting Greenline Equip. Co. v. Covington Cnty. Bank, 873 So.2d 950, 956 (¶ 17) (Miss. 2002)). The statute of limitations may be tolled if the cause of action was fraudulently concealed. Trustmark Nat’l Bank v. Meador, 81 So.3d 1112, 1119 (¶ 17) (Miss.2012).
¶ 12. The basis for Pickett’s complaint, which was filed in March 2010, is that he was shorted $2,100,000 by his attorneys in the settlement of his Fen-Phen claims. Pickett does not dispute that the three-year statute of limitations would have accrued in February 2000, when he received his settlement check. However, Pickett argues the three-year statute of limitations was tolled because his attorney fraudulently concealed information from him. In cases of fraudulent concealment, “the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.” Miss.Code Ann. § 15-1-67 (Rev. 2012). To prove fraudulent concealment, the plaintiff must “show that (1) some affirmative act of conduct was done and prevented discovery of the claim; and (2) due diligence was performed on [the plaintiffs] part to discover the claim.” Trustmark, 81 So.3d at 1119 (¶ 17).
¶ 13. In support of his fraudulent-concealment argument, Pickett asserts “that information received from American Home Products ... and the Jefferson County Circuit Clerk indicated several discrepancies in the amount awarded versus the actual amount paid out.” These alleged discrepancies are: (1) he was “awarded $30 million but only received $5 million”; (2) the “[s]igned released was under the wrong case number”; (3) his “[signature [was] forged on [the] release form”; and (4) “14 [p]laintiffs [were] listed,” but “there were only 5[p]laintiffs.”
¶ 14. None of these discrepancies, even taken as true, provide a factual basis for a claim of fraudulent concealment. The evidence is undisputed that Pickett was aware on the day he received his check in February 2000 that it was not the full $5,000,000. Pickett admitted in his deposition that when he received his check, the shortfall got his attention “[b]ig time.” He testified he “started calling. Gallagher, Dennis Sweet[,] and everybody who was *592 involved, and nobody would tell [him] nothing, nothing.” This made him “[v]ery, very suspicious.” He left messages for the attorneys, but no one returned his calls. He knew “[something was wrong.” Despite his concerns, he cashed the check. In 2000, he contacted the Mississippi Bar with concerns about his attorneys, but he did not file a formal complaint. He also contacted other attorneys seeking help, but to no avail. In 2000 and 2001, he asked the Jefferson County Court Clerk in passing if the case file was still sealed. He wanted to investigate the file, but he did not ask to view it under the belief that he would be denied access because of the seal. In 2008, Pickett, Hamm, and Thompson hired a private investigator to determine where their money had gone. However, no legal action was taken until March 22, 2010.
¶ 15. We find Pickett has failed to show a genuine issue of material fact exists to support a claim for fraudulent concealment. Pickett received his settlement check for $2,900,000 in February 2000. If Pickett believed in December 1999 that he should have received $5,000,000, as he alleges, then Picket was put on notice of a potential claim in February 2000, when he received less than the agreed-to amount. Further, Pickett admitted in his deposition he was immediately aware of the shortfall and had concerns. Based on Pickett’s receipt of the settlement check in February 2000, the three-year statute of limitations expired in February 2003. Pickett’s complaint was not filed until seven years later on March 22, 2010, well after the limitations period expired.
¶ 16. We find summary judgment was appropriately granted in favor of the defendants/appellees based on the running of the statute of limitations. The trial court’s grant of summary judgment is affirmed.
II. Sanctions
¶ 17. Based on Pickett’s lengthy delay in filing suit, the appellees request that this Court impose sanctions for frivolous filing. Mississippi Rule of Appellate Procedure 38 states that in civil cases, if this Court determines “that an appeal is frivolous, it shall award just damages and single or double costs to the appellee.” “The Mississippi Supreme Court has equated the Rule 38 frivolousness to the definition of the same concept in Mississippi Rule of Civil Procedure 11.” Young v. Benson, 828 So.2d 821, 824 (¶ 14) (Miss.Ct. App.2002) (citing Roussel v. Hutton, 638 So.2d 1305, 1318 (Miss.1994)). A claim is frivolous when “objectively speaking, the pleader or movant has no hope of success.” Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 195 (Miss.1995).
¶ 18. Although we disagree with Pickett’s argument, we cannot say that Pickett had no hope of success. Pickett presented an arguable defense to the statute of limitations before the trial court: fraudulent concealment. The trial court even gave Pickett extra time to hire new counsel and flesh out this issue. He failed to do so. But, based on the facts presented, we cannot find Pickett had no hope of success such that an award of sanctions is warranted. Thus, we decline to award sanctions.
¶ 19. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING and GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR and JAMES, JJ., Concur.