■ Greenspan Brothers, Appellant, v State of New York, Respondent.—In a claim to recover damages for breach of contract, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated March 15, 1985, which dismissed its claim on the ground that it was barred by the Statute of Limitations.

Judgment affirmed, with costs.

It is undisputed that the State vacated the premises which it leased from the claimant on April 21, 1983. The claimant was aware that the premises had been vacated by 10:00 A.M. the next morning, April 22, 1983. Accordingly, the premises were under the claimant's control and available for inspection on that date.

Pursuant to Court of Claims Act § 10 (4), any claim for breach of contract must be filed within six months after the accrual of such claim. It is well settled that the filing requirements of Court of Claims Act § 10 are jurisdictional in nature and must be strictly construed *(see, Lurie v State of New York,* 73 AD2d 1006, *affd* 52 NY2d 849; *Bommarito v State of New York,* 35 AD2d 458). Thus, if the filing is not timely, the claim is subject to dismissal. The expression "claim accrues" is synonymous with "damages accrue", and a claim accrues

when damages are ascertainable *(see, Bronxville Palmer v State of New York,* 36 AD2d 647; *Dufel v State of New York,* 198 App Div 97, 102; *see also, Otis Elevator Co. v State of New York,* 52 AD2d 380).

In the instant case, the claimant could have determined its damages as of April 22, 1983. The fact that the claimant, for one reason or another, chose not to ascertain its damages at that time is irrelevant. Its claim is time barred since more than six months had passed at the time of filing *(see, Heritage Corp. v New York State Thruway Auth.,* 44 AD2d 869). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.