■ WHITE PLAINS PARKING AUTHORITY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 79546.)—In a claim to recover damages allegedly caused by the misfeasance of an employee of the State of New York, the claimant appeals from (1) an order of the Court of Claims (Lengyel, J.), dated March 1, 1990, which granted the defendant's motion for summary judgment dismissing the claim, and (2) a judgment of the same court dated April 4, 1990, entered thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the claim *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment.

On June 30, 1987, the Office of Court Administration for the State of New York completed an audit of the White Plains City Court's financial records concerning the period from November 1, 1983, to October 31, 1986. The audit disclosed that $199,390.21 had been collected for parking violations, but was not distributed to the City Finance Department. On the day that the audit was completed, Justice Gagliardi, the

Administrative Judge for the 9th Judicial District, designated a special committee to oversee the nonjudicial operations of the City Court. About nine months later, an employee of the City Court was indicted, *inter alia,* for grand larceny in the second degree, allegedly committed between January 1982 and December 31, 1987. On May 9, 1988, the White Plains Parking Authority filed a "Notice of Intention to File Claim" against the State. On October 17, 1989, the present claim was commenced.

We agree with the Court of Claims that the claim is barred because of the claimant's failure to timely file its Notice of Intention to File Claim. Claims to recover damages against the State for injuries to property must be filed within 90 days after the "accrual of such claim" (Court of Claims Act § 10 [3]). A "claim accrues when it matures, and the words 'claim accrued' have the same meaning as 'damages accrued' " *(Chartrand v State of New York,* 46 AD2d 942, quoting *Waterman v State of New York,* 19 AD2d 264, 266). Damages accrue when they can be reasonably ascertained *(see, Bronxville Palmer v State of New York,* 36 AD2d 647; *Waterman v State of New York,* 19 AD2d 264, 266, *supra).* Here, the information concerning the loss of money was available to the Parking Authority by June 30, 1987, when the audit was completed and the committee to oversee the operation of the nonjudicial personnel was designated. Because the Parking Authority did not file its Notice of Intention to File Claim until nearly 11 months later, its claim is time-barred. We find no merit to the claimant's argument that it was unable to ascertain that it had been damaged until the indictment was filed.

In addition, the claimant has failed to state a cause of action. The claim here alleged that: "On or about March 29, 1988, one Mary Vaden, an employee of the State of New York, was indicted by a Westchester County Grand Jury, on several felonious counts predicated upon the diversion of several thousands of dollars of monies belonging to Claimant, by embezzlement, defalcation, failure properly to account for and deliver same; tampering with and falsifying business records; and fraudulent practices, and more particularly set forth in a true bill under Indictment Number 88-0233 of the Supreme Court of the State of New York, County of Westchester. * * * That by reason of the actions of the State of New York, its agent, servant and employee aforesaid, Claimant has been damaged in the sum of Three Hundred Thousand Dollars".

This claim fails to allege that the State was negligent in hiring the employee, supervising the employee or that it was

culpable in causing the claimant's injuries by any other conduct. Such allegations are essential to stating a proper cause of action *(see, Patterson v State of New York,* 54 AD2d 147, *affd* 45 NY2d 885; *Jackson v State of New York,* 85 AD2d 818, 819; *Bonaparte v State of New York,* 175 AD2d 683; *Artale v State of New York,* 140 AD2d 919).

We have examined the claimant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Lawrence and Miller, JJ., concur.