■ FLUSHING NATIONAL BANK, Appellant, v STATE OF NEW YORK, Respondent. [621 NYS2d 83] —In a claim for damages arising from negligence, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated January 7, 1993, which dismissed its claim.

Ordered that the judgment is affirmed, with costs.

We conclude that the Court of Claims properly granted the State's motion to dismiss because of the claimant's failure to file a timely claim. The time in which a claim or a notice of intent to file a claim must be filed against the State for the kind of injury at bar is 90 days from the date the claim accrued *(see,* Court of Claims Act § 10 [3]). A claim accrues for purposes of the Court of Claims Act when damages are reasonably ascertainable *(see, White Plains Parking Auth. v State of New York,* 180 AD2d 729; *Greenspan Bros. v State of New York,* 122 AD2d 249; *Acme Bldrs. v County of Nassau,* 36 AD2d 317, *affd* 31 NY2d 924; *Bronxville Palmer v State of New York,* 36 AD2d 647; *Waterman v State of New York,* 19 AD2d 264, *affd* 14 NY2d 793).

Under the most generous reading of the facts in this case, damages were readily ascertainable on or before November 30, 1990, more than 90 days prior to the filing of the claimant's claim on March 6, 1991.

We conclude further that the State did not waive its defense based upon the claimant's failure to file a timely claim. We find that the State's answer raises the defense with sufficient particularity as required by Court of Claims Act § 11 (c). The remaining issues raised on appeal need not be addressed. Ritter, J. P., Santucci, Altman and Goldstein, JJ., concur.

Pizzuto, J., concurs in the result, with the following memorandum: The claimant has brought this action against the State to recover damages allegedly incurred when the Suffolk County Clerk, in this case acting as a State Officer *(see, National Westminster Bank v State of New York,* 76 NY2d 507), failed to properly record an order dated February 25, 1986, which had extended the claimant's judgment lien against the real property of a nonparty judgment debtor. While I agree with the result reached by my colleagues in the majority, I am compelled to concur in this manner because I

believe the claimant's argument regarding the application of a discovery accrual rule needs to be squarely addressed.

The facts in this matter are not in dispute. The County Clerk's omission occurred on May 1, 1986, and the subject real property was conveyed to a bona fide purchaser, free and clear from the claimant's encumbrance, on October 12, 1989. On or before November 30, 1990, an attorney for the claimant became aware of the transfer of title which had taken place on October 12, 1989. On December 6, 1990, the attorney went to the County Clerk's Office to examine the judgment roll. On that date the attorney discovered there was no notation on the docket books pertaining to the order dated February 25, 1986, and he brought this omission to the attention of the Clerk's Office. On December 7, 1990, the Clerk's Office entered a notation of the February 25, 1986, order on the judgment docket.

The claimant has alleged that the omission of the County Clerk constituted negligence which resulted in the sale of the property free and clear of the claimant's encumbrance. In its answer, the State raised as an affirmative defense the untimeliness of the claim and, contrary to the claimant's contention, did so with the requisite particularity (see, Court of Claims Act § 11 [c]; *Charbonneau v State of New York*, 148 Misc 2d 891, *affd* 178 AD2d 815, *affd* 81 NY2d 721). The State's subsequent motion to dismiss pursuant to Court of Claims Act § 10 (3), for failure to file the claim within 90 days of its accrual, was granted by the Court of Claims in the order appealed from. In so holding, the Supreme Court specifically concluded that the claim accrued on October 12, 1989, when the subject property was conveyed to a bona fide purchaser free and clear of the claimant's encumbrance. I wholly agree with the Supreme Court's conclusion because it was on October 12, 1989, that the claimant's damages, the benchmark of which was the amount of its lien, became reasonably ascertainable.

More importantly, I specifically reject the claimant's assertion that the claim did not accrue until its discovery of the failure of the Clerk's Office to note the order dated February 25, 1986, on the judgment docket. A discovery accrual rule applies in very few instances, and then pursuant to statutory mandate (see, e.g., CPLR 213 [8]; 214-a; 214-b; 214-c). Indeed, when faced with an issue of this nature, the Court of Appeals has consistently refused to extend the discovery rule beyond the limited instances provided by the Legislature (see, e.g., *Matter of Steinhardt v Johns-Manville Corp.*, 54 NY2d 1008,

1011, *cert denied* 456 US 967; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212). In deciding these cases, the Court of Appeals has clearly taken the position that it is "inappropriate and injudicious to intrude into an area best suited for legislative scrutiny" *(Matter of Steinhardt v Johns-Manville Corp., supra,* at 1008, 1011; *see also, Schwartz v Heyden Newport Chem. Corp., supra).* Therefore, in the absence of a statutory mandate, there exists no basis for an expansion of the discovery accrual rule so as to render it applicable to claims alleging the negligence of State employees in performing ministerial acts associated with the processing or filing of documents *(see, e.g., Johnson v State of New York,* 131 Misc 2d 630, 633; *Di Maio v State of New York,* 128 Misc 2d 101, 102). *[See,* 156 Misc 2d 979.]