■ Ro Jo Lo Partners, Appellant, v State of New York, Respondent. [640 NYS2d 367] —Yesawich Jr., J. Appeal from an order of the Court of Claims (Benza, J.), entered July 21, 1995, which, *inter alia,* granted the State's cross motion to dismiss the claim as untimely.

In December 1990, claimant entered into an agreement for advance payment (hereinafter the Agreement) with the State Department of Transportation, pursuant to which claimant was paid $17,700 for land along the Troy-Schenectady Road in the Town of Colonie, Albany County, appropriated by the State for a road reconstruction project, as well as for anticipated property damage to claimant's remaining land. The project was completed in August 1993. In October 1993, claimant filed a notice of claim, alleging that its property had been damaged by flooding and land erosion resulting from the project and that the cost of remediating these damages exceeded the amount paid under the Agreement. The State filed an answer and then moved to dismiss the claim, contending that it had not been filed within 90 days from the date upon which the damages accrued, as required by Court of Claims Act § 10 (3). The Court of Claims agreed and dismissed the claim, and this appeal ensued.

Claimant maintains that, insofar as it seeks damages for negligence, the 90-day limitations period did not begin to run until August 1993, when the project was completed, rendering its notice of claim timely. We disagree. "[A] claim accrues when damages are ascertainable" (*Greenspan Bros. v State of New York,* 122 AD2d 249, 249-250; *see, Flushing Natl. Bank v State of New York,* 210 AD2d 294, *lv denied* 86 NY2d 706). Here, that criterion was satisfied when claimant obtained estimates of the damages to its property, which had occurred by October 9, 1992. The notice of claim having not been filed within 90 days of that date, dismissal was appropriate.

Claimant's contention that it has stated a cause of action

"based in contract", which accrued either when the Agreement was signed in December 1990 or when it was fully performed in August 1993, is also unavailing. Although claimant relies upon the three-year Statute of Limitations provided by Court of Claims Act § 10 (1), it represented in the Court of Claims that its claim is one for property damage resulting from negligent construction, not for appropriation of land. And, to the extent that claimant's reference to contractual liability can be construed as an attempt to recast the claim as one for breach of contract, it suffices to note that the Agreement, being a creature of statute (see, EDPL 304), is not a contract. In any event, claimant's allegations, even when accepted as true, do not support a finding that the Agreement was breached.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.