■ KERWYN WELCH, Appellant, v STATE OF NEW YORK, Respondent. [729 NYS2d 527] —In a claim to recover damages,

*inter alia*, for alleged civil rights violations, negligence, and fraud, the claimant appeals from an order of the Court of Claims (Lebous, J.), dated December 13, 1999, which granted the defendant's motion to dismiss the claim as untimely, and denied his cross motion pursuant to CPLR 3126 to strike the answer.

Ordered that the order is affirmed, with costs.

In August 1989 the claimant allegedly contacted two licensed real estate agencies about apartments to lease. The claimant was dissatisfied with a perceived lack of attentiveness from these agencies, which allegedly failed to return his telephone calls or otherwise undertake any efforts to show him any apartments. Although the claimant did not profess to have been the victim of any racial discrimination, and his initial letter did not disclose his race, in August 1999 he wrote to the New York State Department Licensing Division (hereinafter the State) asking that it commence an investigation. The complaint allegedly went unanswered, and from September to November 1989 the claimant spoke and/or corresponded with investigators in an attempt to prod them into action.

In October 1990 the claimant commenced an action in the United States District Court for the Eastern District of New York against, among others, the two agencies and the State. The action against the State was dismissed in February 1991 because the State is immune from suit in Federal court pursuant to the 11th Amendment to the United States Constitution (*see, Welch v Century 21 Chimes Real Estate*, 1991 WL 29950 [ED NY 1991]). Accordingly, in August 1992, the claimant brought this claim to recover damages for alleged violations of his civil rights, fraud, and negligence. The Court of Claims granted the State's motion to dismiss the claim as untimely. We affirm, albeit in part for somewhat different reasons.

Pursuant to Court of Claims Act § 10, "[n]o judgment shall be granted in favor of any claimant" for personal injuries due to negligence, unintentional tort, or intentional tort of a State employee, unless a claim is filed and served upon the Attorney General within 90 days after the accrual of the claim, or the claimant, within 90 days after the accrual of the claim, serves upon the Attorney General a written notice of intention to file a claim therefor, and thereafter files and serves the claim upon the Attorney General within two years after the accrual of the claim (*see, Conner v State of New York,* 268 AD2d 706; *Coleman v Webb,* 158 AD2d 500). As a condition of the State's limited waiver of sovereign immunity, those requirements are strictly construed and a failure to comply therewith is a jurisdictional

defect compelling the dismissal of the claim (*see, Alston v State of New York,* 281 AD2d 741; *Crair v Brookdale Hosp. Med. Ctr.,* 259 AD2d 586, *affd* 94 NY2d 524; *Phillips v State of New York,* 237 AD2d 590; *Voulgarelis v State of New York,* 211 AD2d 675).

The claimant's alleged damages were ascertainable, and hence his claim accrued in November 1989 at the latest (*see, Baskerville v State of New York,* 276 AD2d 418; *Ro Jo Lo Partners v State of New York,* 226 AD2d 896; *Flushing Natl. Bank v State of New York,* 210 AD2d 294; *White Plains Parking Auth. v State of New York,* 180 AD2d 729; *Greenspan Bros. v State of New York,* 122 AD2d 249). Inasmuch as the claimant's "notice of claim" was not filed until August 1992, his negligence and fraud claims are untimely and were properly dismissed.

To the extent that the claimant also alleged violations of his civil rights pursuant to 42 USC § 1983, the Court of Claims erred, as notice of claim requirements are generally held to be inapplicable thereto (*see, Zwecker v Clinch,* 279 AD2d 572; *Lopez v Shaughnessy,* 260 AD2d 551; *Gorman v Sachem Cent. School Dist.,* 232 AD2d 452). Nevertheless, a state is not a "person" acting under color of law, as defined in 42 USC 1983 (*see, Will v Michigan Dept. of State Police,* 491 US 58; *Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying,* 83 AD2d 723, *affd* 56 NY2d 656). "The proper subject of an action pursuant to 42 USC § 1983 is a State official acting in excess of his or her authority and is 'cognizable in the Supreme Court and not in the Court of Claims'" (*Cavanaugh v Doherty,* 243 AD2d 92, 96, quoting *Teddy's Drive In v Cohen,* 54 AD2d 898, 900, *affd* 47 NY2d 79; *see also, Casillas v Perales,* 154 AD2d 420; *Zagarella v State of New York,* 149 AD2d 503). Accordingly, although the claimant's amorphous civil rights claims were not subject to dismissal for failure to file a timely claim or notice of intention to file a claim, they nevertheless are not cognizable in this claim against the State.

The claimant's remaining contentions are meritless. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.