■ Peter Onitiri, Appellant, v CUNY, College of Staten Island, Respondent. [783 NYS2d 50]—

In a claim, inter alia, to compel the return of certain New York State tax refunds allegedly improperly withheld by the defendant as offsets against a debt allegedly owed to a state agency, the claimant appeals from an order of the Court of Claims (Sise, J.), dated April 10, 2003, which granted the defendant's motion to dismiss the claim in its entirety for failure to comply with Court of Claims Act §§ 10 and 11.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was

to dismiss the claim as to payments and credits occurring subsequent to May 20, 2002, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On November 20, 2002, the claimant served a claim alleging, in effect, that the defendant had improperly withheld his New York State income tax refunds, going back to 1996. The defendant's subsequent motion to dismiss the claim for failure to comply with Court of Claims Act §§ 10 and 11 was granted in its entirety on the ground that the plaintiff failed to file his claim in a timely manner. This was error.

By his claim, the claimant seeks to recover for a series of discrete state acts, i.e, the successive yearly withholdings of his state income tax refunds as offsets against student loan debts that he allegedly owed, going back to 1996 (*see Flushing Natl. Bank v State of New York*, 210 AD2d 294 [1994]; *Greenspan Bros. v State of New York*, 122 AD2d 249 [1986]). The ultimate withholding occurred on May 23, 2002, less than six months before the filing of the claim, while the prior acts took place at least a year earlier. The defendant failed to show that, as a matter of law, the last withholding described by this claim fell under the three-month limitations period set out in Court of Claims Act § 10 (3) rather than the six-month period set out in section 10 (4) thereof (*see Rosefsky v State of New York*, 205 AD2d 120, 123-124 [1994]; *Greenspan Bros. v State of New York, supra*). Accordingly, the Court of Claims should not have dismissed so much of the claim as concerned the May 23, 2002, withholding since it was not necessarily time-barred. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.