■ Local 851 of International Brotherhood of Teamsters, Appellant, v State of New York, Respondent. (Claim Nos. 100842, 107616.) [828 NYS2d 200]—

In consolidated claims to recover forfeiture settlement funds, the claimant appeals from so much of an order of the Court of Claims (Ruderman, J.), dated March 22, 2005, as denied its motion for summary judgment and granted the defendant's motion for summary judgment dismissing each claim on the ground that the claimant failed to timely file a notice of intention to file a claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the claimant's contention, the Court of Claims properly dismissed each claim on the ground that the claimant,

Local 851 of the International Brotherhood of Teamsters (hereinafter Local 851), failed to comply with Court of Claims Act § 10 (4), which requires that "[a] claim for breach of contract, express or implied . . . shall be filed and served upon the attorney general within six months after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after such accrual."

For the purpose of the Court of Claims Act, a claim "accrues" when the damages are reasonably ascertainable (*see Augat v State of New York*, 244 AD2d 835, 836 [1997]; *Inter-Power of N.Y. v State of New York*, 230 AD2d 405, 408 [1997]; *Flushing Natl. Bank v State of New York*, 210 AD2d 294 [1994]; *White Plains Parking Auth. v State of New York*, 180 AD2d 729, 730 [1992]). Here, the gravamen of the plaintiff's claims is that the Organized Crime Task Force improperly distributed forfeited funds without a court order permitting it to do so. The plaintiff was aware of the distribution, as well as the damages it is alleged to have suffered as a result, at the time of the first distribution, which was more than six months before the plaintiff filed its notices of intention to file claims. The failure to comply with the filing deadlines set forth in the Court of Claims Act § 10 is a jurisdictional defect which compels the dismissal of the claims (*see Welch v State of New York*, 286 AD2d 496, 497-498 [2001]; *Crair v Brookdale Hosp. Med. Ctr., Cornell Univ.*, 259 AD2d 586 [1999], *affd* 94 NY2d 524 [2000]; *Coleman v Webb*, 158 AD2d 500 [1990]).

Local 851's remaining contentions either are without merit or need not be reached in light of our determination. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.