■ DINO PRISCO, Appellant, v STATE OF NEW YORK, Respondent. [880 NYS2d 671]—

In a claim, inter alia, to recover damages for injury to property, the claimant appeals from an order of the Court of Claims (Ruderman, J.), dated April 8, 2008, which granted the defendant's motion to dismiss the claim pursuant to Court of Claims Act §§ 10 and 11.

Ordered that the order is affirmed, with costs.

The Court of Claims properly granted that branch of the defendant's motion which was to dismiss the claim as untimely. For purposes of the Court of Claims Act, a claim accrues when damages are reasonably ascertainable (*see Local 851 of Intl. Bhd. of Teamsters v State of New York*, 36 AD3d 672, 673 [2007]; *Kaufman v State of New York*, 18 AD3d 503 [2005]; *Flushing Natl. Bank v State of New York*, 210 AD2d 294 [1994]; *White Plains Parking Auth. v State of New York*, 180 AD2d 729, 730 [1992]). Here, the claimant's damages were reasonably ascertainable on or before March 10, 2000. Since the notice of intention to file a claim was not filed until eight months later, in mid-November 2000, the claim was untimely (*see Kaufman v State of New York*, 18 AD3d at 503; *Chartrand v State of New York*, 46 AD2d 942 [1974]). "The failure to comply with the filing deadlines set forth in Court of Claims Act § 10 is a jurisdictional defect which compels the dismissal of the claim[s]" (*Local 851 of Intl. Bhd. of Teamsters v State of New York*, 36

AD3d at 673). Contrary to the claimant's contention, the limitations period was not extended by the continuing violation doctrine (*see Kaufman v State of New York,* 18 AD3d at 503-504; *Selkirk v State of New York,* 249 AD2d 818, 819 [1998]).

In any event, the Court of Claims also properly determined that the claimant's notice of intention to file a claim failed to comply with Court of Claims Act § 11 (b). Since the statutory requirements of the Court of Claims Act must be strictly construed (*see Thomas v State of New York,* 57 AD3d 969, 970 [2008]; *Triani v State of New York,* 44 AD3d 1032, 1032-1033 [2007]), the failure of the claimant to set forth in the notice of intention to file a claim the time when the claim arose constituted a jurisdictional defect mandating dismissal (*see Czynski v State of New York,* 53 AD3d 881, 883-884 [2008]; *Robin BB. v State of New York,* 56 AD3d 932, 933 [2008]).

The claimant's remaining contentions either are without merit or have been rendered academic by our determination. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.