In a claim to recover damages for medical malpractice, the claimant appeals from an order of the Court of Claims (Mignano, J.), dated March 23, 2012, which denied his motion to dismiss the defendant’s sixth affirmative defense alleging that the court lacks jurisdiction over the claim based upon the claimant’s failure to timely serve the claim or notice of intention to file a claim, granted the defendant’s cross motion for summary judgment dismissing the claim, and denied his motion for leave to amend the claim.
Ordered that the order is affirmed, with costs.
Court of Claims Act § 10 (3) provides, inter alia, that a claim to recover damages for personal injuries caused by the negligence of a state employee must be filed within 90 days after the accrual of such claim, unless the claimant within such time serves a written notice of intention to file a claim, in which event the claim shall be filed within two years after the accrual of the claim (see Welch v State of New York, 286 AD2d 496, 497 [2001]). Here, the defendant established its prima facie entitle *1041 ment to judgment as a matter of law dismissing the claim by demonstrating that the claim accrued on September 8, 2008, and that the notice of intention to file a claim was not served until one year later on September 8, 2009. Thus, the defendant established that the claim was untimely (see Prisco v State of New York, 62 AD3d 978 [2009]; Welch v State of New York, 286 AD2d at 498). The failure to comply with the filing deadlines of Court of Claims Act § 10 is a jurisdictional defect which compels the dismissal of the claim (see Local 851 of Intl. Bhd. of Teamsters v State of New York, 36 AD3d 672, 673 [2007]; Welch v State of New York, 286 AD2d at 497-498). In opposition, the claimant argued that the continuous treatment doctrine applied herein to toll the 90-day period. However, the claimant failed to raise a triable issue of fact in that regard.
Accordingly, the Court of Claims properly denied the claimant’s motion to dismiss the sixth affirmative defense, and granted the defendant’s cross motion for summary judgment dismissing the claim.
The claimant’s remaining contention is without merit. Angiolillo, J.E, Hall, Roman and Hinds-Radix, JJ., concur.