Lynch, J.
Appeal from an order of the Court of Claims (Collins, J.), entered October 7, 2015, which granted defendant’s motion to dismiss the claim.
Claimant is a contractor that was authorized to perform certain highway improvement work pursuant to five highway *1391 work permits that defendant, through the Department of Transportation (hereinafter DOT), issued in 2005 and 2006 (see Highway Law § 52). The permitted highway work was incident to the construction of a large retail facility in the City of Oneida, Madison County. The work did not progress as expected and, in June 2008, DOT notified claimant that, unless the permitted work was timely resumed and completed, it would undertake the work with its own contractor and proceed against claimant and its surety for the costs. When claimant failed to comply, DOT issued a notice of default in August 2008 and then completed the highway work through an emergency contractor. After filing a notice of intention to file a claim in March 2013, claimant commenced this action against defendant in January 2015, alleging that DOT breached a construction contract governing claimant’s highway work and that its drainage work flooded claimant’s land. Defendant moved to dismiss the claim pursuant to CPLR 3211 (a) (1), (2) and (7) and Court of Claims Act §§ 10 (4) and (11) (b). The Court of Claims granted defendant’s motion, finding that the claim failed to state a cause of action (see CPLR 3211 [a] [7]) and was jurisdictionally defective because it did not comply with the pleading requirements in the Court of Claims Act (see Court of Claims Act § 11 [b]). Claimant now appeals and we affirm, albeit on an alternative ground.*
A claim for breach of contract must be filed in the Court of Claims within six months after the accrual of the claim, or within two years from such accrual where the claimant has filed a timely notice of claim (see Court of Claims Act § 10 [4]). A claim to recover damages to property must be filed either within 90 days after accrual of the claim or within two years after accrual where a timely notice of claim has been filed (see Court of Claims Act § 10 [3]; Ro Jo Lo Partners v State of New York, 226 AD2d 896, 896 [1996]). “A claim accrues when damages are ascertainable” (Ro Jo Lo Partners v State of New York, 226 AD2d at 896 [internal quotation marks, brackets and citation omitted]; see Waters of Saratoga Springs v State of New York, 116 AD2d 875, 877 [1986]).
Claimant alleges in its notice of claim that it did not perform any work after DOT issued a stop work order in May 2008, which claimant points to as the breach of “the contract” that obligated its surety for an allegedly excessive amount. Claim *1392 ant also alleges that DOT’s negligent design, construction and maintenance of drainage at the site of the permitted work caused flooding and damaged its property. In support of its motion, defendant relied on the highway work permits that claimant obtained in 2006 and the August 2008 notice of default to claimant. According to defendant, the emergency contractor completed the unfinished work in November 2008 at a cost exceeding $558,000. In November 2011, claimant’s surety paid defendant $450,000 in connection with the permitted work. Defendant then commenced an action against claimant in May 2012 to recover the balance of the costs due for completing the work, which action apparently remains pending.
In our view, even assuming without deciding that there was an agreement between claimant and defendant, the damages for the alleged breach were clearly ascertainable more than six months prior to March 2013 and more than two years prior to December 2014. As for the property damage claim, claimant alleges in its notice of claim that the flooding first occurred in July and August 2006, prior to the date when the work was completed. With the work completed in November 2008, any alleged damages must have been ascertainable years in advance of the claim. Absent a timely filed claim or notice of claim, the Court of Claims did not have subject matter jurisdiction to resolve the claim (see Lyles v State of New York, 3 NY3d 396, 400 [2004]; Matter of Best v State of New York, 42 AD3d 699, 700 [2007]; Conner v State of New York, 268 AD2d 706, 707 [2000]). Accordingly, we find that the claim was properly dismissed. The parties’ remaining arguments need not be addressed.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
Ordered that the order is affirmed, without costs.

 Although the Court of Claims granted defendant’s motion to dismiss pursuant to CPLR 3211 (a) (7), the alternative ground — that the court lacked subject matter jurisdiction — was raised and is properly before us (see Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1372 [2014]).