Mills v City Univ. of N.Y. (2018 NY Slip Op 08355)





Mills v City Univ. of N.Y.


2018 NY Slip Op 08355


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


7815 128405

[*1]Nijo Mills, Plaintiff-Appellant,
v
City University of New York, Defendant-Respondent.


Nijo Mills, appellant pro se.
Barbara D. Underwood, Attorney General, New York (Matthew William Grieco of counsel), for respondent.



Order, Court of Claims (Judith A. Hard, J.), entered January 11, 2017, which granted defendant The City University of New York's (CUNY) motion to dismiss the complaint as untimely, unanimously affirmed, without costs.
The Court of Claims properly granted defendant's motion to dismiss the claim as untimely. For purposes of the Court of Claims Act, a claim accrues when damages are reasonably ascertainable (Prisco v State of New York, 62 AD3d 978 [2d Dept 2009], lv denied 13 NY3d 706 [2009]; Waters of Saratoga Springs v State of New York, 116 AD2d 875, 877 [3d Dept 1986], affd 68 NY2d 777 [1986]). Here, claimant's damages were reasonably ascertainable in January 2016. Since claimant did not serve his claim upon the Attorney General until August 19, 2016, and did not file it with the Clerk of the Court until August 24, 2016, the claim was untimely. Compliance with the filing deadlines set forth in Court of Claims Act § 10 is jurisdictional in nature and must be strictly construed (see Park v State of New York, 226 AD2d 153, 153 [1st Dept 1996]). Contrary to claimant's contention, the limitations period was not extended by the continuing violation doctrine (see Bullard v State of New York, 307 AD2d 676, 678 [3d Dept 2003]; Selkirk v State of New York, 249 AD2d 818, 819 [3d Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK