Fairchild Corp. v State of New York (2019 NY Slip Op 00855)





Fairchild Corp. v State of New York


2019 NY Slip Op 00855


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-03434

[*1]Fairchild Corporation, et al., appellants,
v
State of New York, respondent. (Claim No. 120486)


Anton J. Borovina, Melville, NY (Joseph W. Bellacosa of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David S. Frankel of counsel), for respondent.



DECISION & ORDER
In a claim, inter alia, to recover damages for breach of contract, the claimants appeal from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated January 12, 2016. The order denied the claimants' motion for summary judgment on the issue of liability on so much of the claim as alleged breach of contract, and granted the defendant's cross motion for summary judgment dismissing so much of the claim as alleged breach of contract.
ORDERED that the order is affirmed, with costs.
The claimants, Fairchild Corporation and others (hereinafter collectively Fairchild), were engaged in a commercial real estate project located in Farmingdale in the vicinity of Republic Airport. The site plan for the project included an access point to Route 110 over a parcel of land referred to as "Parcel No. 19" (hereinafter Parcel 19), which was owned by the defendant. Fairchild sought an easement from the defendant over Parcel 19 for the access point to Route 110, and the parties discussed a possible exchange of easements to achieve their goals.
Ultimately, Fairchild and the defendant entered into a written agreement dated June 30, 2004, which contained the following relevant provision concerning the easement over Parcel 19: "Section 9. As an additional inducement for [Fairchild] to enter into this Agreement, the [defendant] agrees to negotiate in good faith the exchange of easements on adjacent properties owned separately by the [defendant] [i.e., Parcel 19] and [Fairchild] located on the west side of Route 110 . . . . Unless prohibited by FAA Grant Assurances, said easements would, on the one hand, provide [Fairchild] and its successors in title with the right to construct and to use an entranceway with parking or other facilities on or across the land owned by the [defendant], and, on the other hand, would provide the [defendant] the right to extend a buried electric line for lighting on or across a portion of the property owned by [Fairchild]" (emphasis added).
By September 12, 2011, the defendant had not granted the easement over Parcel 19. Accordingly, by letter of that date, Fairchild demanded that the defendant effectuate the subject easement. The demand did not receive a favorable response, and Fairchild commenced this claim in October 2011, alleging, among other things, that the defendant breached the agreement dated June 30, 2004, by failing to negotiate in good faith for the purpose of formalizing a written easement over Parcel 19 and by failing to effectuate the subject easement. Fairchild then moved for summary [*2]judgment on the issue of liability on so much of the claim as alleged breach of contract, and the defendant cross-moved for summary judgment dismissing so much of the claim as alleged breach of contract. The Court of Claims denied Fairchild's motion and granted the defendant's cross motion, agreeing with the defendant's contention, inter alia, that section 9 of the agreement amounted to an unenforceable agreement to agree. Fairchild appeals.
Initially, we agree with the defendant that so much of the claim as alleged breach of contract was time-barred. Court of Claims Act § 10(4) provides that "[a] claim for breach of contract, express or implied, . . . over which jurisdiction has been conferred upon the court of claims, shall be filed and served upon the attorney general within six months after the accrual of such claim." A breach of contract claim accrues under Court of Claims Act § 10(4) when it matures and damages are reasonably ascertainable (see Ro Jo Lo Partners v State of New York, 226 AD2d 896, 896; Flushing Natl. Bank v State of New York, 210 AD2d 294, 294; White Plains Parking Auth. v State of New York, 180 AD2d 729, 730; Greenspan Bros. v State of New York, 122 AD2d 249, 249-250). Here, so much of Fairchild's claim as alleged breach of contract accrued, at the very latest, in July 2010, when Fairchild filed a complaint in a Chapter 11 bankruptcy proceeding seeking compensatory damages against the defendant based on the same breach of contract allegations asserted in this claim. Since the instant claim was commenced more than six months after July 2010, so much of the claim as alleged breach of contract was time-barred and dismissal of so much of the claim was warranted.
In any event, even if so much of the claim as alleged breach of contract had been timely, the defendant was entitled to summary judgment dismissing so much of the claim. A written agreement that is complete, clear, and unambiguous on its face must be enforced to give effect to the meaning of its terms and the reasonable expectations of the parties (see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277; W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162; Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp., 17 AD3d 612, 612). However, an agreement to agree, in which material terms are left for future negotiations, is generally unenforceable (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106-107; Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482-483; Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109; Carmon v Soleh Boneh Ltd., 206 AD2d 450, 451). Here, the defendant demonstrated, prima facie, that the plain and unambiguous terms of section 9 of the agreement amounted to an agreement to negotiate in good faith the subject easement over Parcel 19, and not an enforceable commitment obligating the defendant to effectuate the subject easement (see Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d 746, 747; New York Military Academy v NewOpen Group, 142 AD3d 489, 490). The defendant also established that it had engaged in good faith negotiations concerning the easement. In opposition to this prima facie showing, Fairchild failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Zuckerman v City of New York, 49 NY2d 557).
Accordingly, we agree with the determination of the Court of Claims to deny Fairchild's motion for summary judgment on the issue of liability on so much of the claim as alleged breach of contract and to grant the defendant's cross motion for summary judgment dismissing so much of the claim as alleged breach of contract.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court