Matute v State of New York (2024 NY Slip Op 50546(U))

[*1]

Matute v State of New York

2024 NY Slip Op 50546(U)

Decided on March 5, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2024
Court of Claims

Juana Matute, ADMINISTRATOR OF 
 THE ESTATE OF ERIBERTO BISONO, Claimant,

against
The State of New York, Defendant.

Claim No. 139473

Claimant's attorney:
SONIN & GENIS, LLC
By: Robert J. Genis, Esq.
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: Albert Masry, Assistant Attorney General

Walter Rivera, J.

The following papers numbered 1-3 were read and considered by the Court on the State's motion to dismiss:
Notice of Motion, Attorney's Supporting Affirmation and Exhibits 1
Attorney's Affirmation in Opposition and Exhibits 2
Attorney's Reply Affirmation 3
Filed Papers: Claim
This claim is brought by Juana Matute (hereinafter claimant), as the administrator of the estate of her son, Eriberto Bisono. The claim alleges that on January 24, 2021, during Bisono's incarceration at Downstate Correctional Facility, he was allegedly publicly called a snitch by a correction officer and then assaulted by several correction officers who denied him medical treatment. Bisono was subsequently transferred to Sing Sing Correctional Facility, where on May 31, 2021, he was found hanging in his cell with his wrists slashed. It is alleged that other incarcerated individuals heard Bisono screaming for an extended period of time before Bisono was discovered hanging in his cell. Bisono was transported to Montefiore Medical Center, where he subsequently died on July 26, 2021.
The claim was filed with the Court on July 12, 2023 and personally served upon the office of the attorney general on July 14, 2023 (Attorney's Affirmation in Opposition, ¶ 5; Attorney's Supporting Affirmation, Ex. A).
The State brings this pre-answer motion to dismiss the claim on numerous grounds, including that claimant lacked standing on July 14, 2023 to commence an action as the administrator of the estate. The Court will address this issue first as it is dispositive of the State's motion to dismiss.
The Surrogate's Court Order of January 12, 2023 granted claimant Temporary Letters of Administration for "the sole purpose of commencing and prosecuting a cause of action on behalf of the estate" (Claim, Ex. A). The Surrogate's Court Order also expressly provides that the Temporary Letters of Administration "are valid for six months from the date of this order [January 12, 2023] and that the jurisdiction over all interested parties shall be obtained within six months from the date of this order" (id.).
The State argues that under the express terms of the Surrogate's Court Order granting claimant Temporary Letters of Administration on January 12, 2023, claimant's authority, as the Temporary Administrator of the estate, to obtain jurisdiction over the State and to commence an action against the State, lapsed on July 12, 2023, six months from the date of the order (Claim, Ex. A). Therefore, the State maintains that on July 14, 2023, claimant did not have standing, as the Temporary Administrator of the estate, to obtain jurisdiction over the State and to commence an action against the State by service of the claim upon the office of the attorney general.
In opposition to the State's arguments, claimant argues that she has "continually been the administrator since her initial appointment" by the Surrogate's Court Order of January 12, 2023 granting her Temporary Letters of Administration and that her authority as the administrator of the estate never lapsed (Attorney's Affirmation in Opposition, ¶¶ 6, 11). Specifically, claimant argues that, absent evidence that her Temporary Letters of Administration were "revoked, amended, suspended or reversed," her Temporary Letters of Administration remain in effect (id. [*2]at ¶ 7). In support of her argument, claimant cites to Section 703 (1) of the Surrogate's Court Procedure Act which provides in pertinent part that, "letters granted by the court are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed or modified upon appeal or the letters are suspended, modified or revoked by the court granting them." In the instant case, however, the Court notes that the Surrogate's Court Order of January 12, 2023 expressly provides that claimant is granted Temporary Letters of Administration for the sole purpose of commencing and prosecuting a cause of action on behalf of the estate and that the Temporary Letters of Administration are only valid for six months from the date of the Surrogate's Court Order (Claim, Ex. A). Thus, this Court finds that the express terms of the Surrogate's Court Order of January 12, 2023 clearly establishes that the Temporary Letters of Administration lapsed on July 12, 2023 along with claimant's powers as the Temporary Administrator under said letters.
Claimant also cites to JPMorgan Chase Bank, N.A. v Milgrim, (169 AD3d 1020, 1023 [2d Dept 2019]); Capozzola v Oxman, (216 AD2d 509, 510 [2d Dept 1995]) and Holden v Alexander, (39 AD2d 476, 482 [2d Dept 1972]), in further support of her argument that her Temporary Letters of Administration remain in effect, absent evidence that they were revoked, amended, suspended or reversed. The Court finds, however, that the cases cited by claimant do not support her argument as the cases do not address temporary letters of administration which were granted by a court order that expressly provides that said letters would only be valid for a specified time period. 
Claimant further argues that her powers as the administrator of the estate remained constant and were in fact expanded, as evidenced by the Surrogate's Court Decree of December 21, 2023 (Attorney's Affirmation in Opposition, ¶ 10; Attorney's Affirmation in Opposition, Ex. A). 
The Court notes that the Surrogate's Court Decree of December 21, 2023 provides that Limited Letters of Administration are granted to claimant for "the administration of the goods, chattels and credits" of the decedent and that claimant is restrained from "collecting and administering more than $10,000.00 in personal assets belonging to the decedent without further order" from Surrogate's Court (Attorney's Affirmation in Opposition, Ex. A). The Surrogate's Court Decree also provides that claimant is restrained "from compromising any cause of action until further court order pursuant to EPTL 5-4.6" (id.).
Thus, contrary to claimant's arguments, this Court finds that, according to the express terms of the Surrogate's Court Order of January 12, 2023, granting claimant Temporary Letters of Administration, claimant had the power as the Temporary Administrator of the estate to commence an action on behalf of the estate from January 12, 2023 until July 12, 2023 and then claimant's power as the Temporary Administrator lapsed until the Surrogate's Court Decree of December 21, 2023 granted claimant Limited Letters of Administration and different powers as the Administrator of the estate.
Therefore, the Court finds that, due to the lapse of claimant's authority on July 12, 2023 as the Temporary Administrator of the estate, the service of a copy of the claim upon the office of the attorney general on July 14, 2023, was ineffective to obtain jurisdiction over the State and to commence an action against the State. Accordingly, the Court finds that the claim warrants dismissal due to claimant's lack of standing as either the Temporary Administrator or the Administrator of the estate on July 14, 2023. 
In addition to the State's argument that the claim warrants dismissal due to claimant's lack of standing, the State makes numerous other arguments in support of its motion to dismiss, including that the causes of action of the claim also warrant dismissal on jurisdictional grounds set forth in the Court of Claims Act §§ 10 and 11.
In that regard, the State argues that to the extent that the claim alleges a cause of action to recover for the decedent's pain and suffering arising from the January 24, 2021 incident, dismissal is warranted because it was not timely commenced within 90 days after the January 24, 2021 date of accrual. Specifically, the State argues that, while a Notice of Intention to File a Claim was served by certified mail, return receipt requested, it was not received by the office of the attorney general until April 26, 2021, which is not within 90 days after January 24, 2021 (Attorney's Supporting Affirmation, Ex. B). Additionally, the State argues that the Notice of Intention to File a Claim was not properly verified and the State sent claimant a written notice on April 27, 2021indicating that the State was treating the Notice of Intention to File a Claim as a nullity due to its improper verification (Attorney's Supporting Affirmation, Ex. C). 
The Court notes that the service requirements set forth in Court of Claims Act §§ 10 and 11 are jurisdictional in nature and require strict compliance as a precondition of suit against the State (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). A failure to comply with any of the service provisions is a jurisdictional defect compelling the dismissal of the claim (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007] ["(t)he failure to satisfy any of the (statutory) conditions is a jurisdictional defect"]; Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]). Both service and filing of the claim must occur within the statutory time period mandated by the Court of Claims Act (see Dreger, 81 NY2d at 724). Additionally, Court of Claims Act § 11 (a) (i) provides in pertinent part that, "[s]ervice by certified mail, return receipt requested, upon the attorney general shall not be complete until the claim or notice of intention is received in the office of the attorney general."
In the case at bar, the Court finds that the service of the Notice of Intention to File a Claim, by certified mail, return receipt requested, was not timely as to the cause of action to recover for the decedent's pain and suffering arising from the January 24, 2021 incident because the Notice of Intention to File a Claim was not received by the office of the attorney general until April 26, 2021, which is not within 90 days after January 24, 2021 (Attorney's Supporting Affirmation, Ex. B; Court of Claims Act § 11 [a] [i]; see Bennett v State of New York, 106 AD3d 1040 [2d Dept 2013]). Additionally, the Court finds that the State promptly notified claimant in writing that the State was treating the Notice of Intention to File a Claim as a nullity due to its improper verification (Attorney's Supporting Affirmation, Ex. C). Accordingly, claimant could not avail herself of the two-year extension of time set forth in Court of Claims Act § 10 (3) to serve and file the claim. As a result, the claim served on July 14, 2023 and filed on July 12, 2023 is untimely as to the cause of action to recover for the decedent's pain and suffering arising from the January 24, 2021 incident because it was not served and filed within 90 days after the January 24, 2021 date of accrual (Court of Claims Act § 10 [3]). Thus, the cause of action accruing on January 24, 2021 warrants dismissal pursuant to the jurisdictional mandates of the Court of Claims Act.
With regard to the cause of action accruing on May 31, 2021, when claimant was found hanging in his cell with his wrists slashed, the State concedes that a Notice of Intention to File a [*3]Claim was timely served on August 23, 2021 upon the office of the attorney general as to this cause of action (Attorney's Supporting Affirmation, ¶ ¶ 19, 74-75; Attorney's Supporting Affirmation, Ex. D; Attorney's Reply Affirmation, ¶ 10). Therefore, pursuant to Court of Claims Act § 10 (3), claimant's time to serve and file a claim was extended to "within two years after the accrual of such claim." However, the filing of the claim on July 12, 2023 and the service of the claim on July 14, 2023 was not within two years after the May 31, 2021 date of accrual. Claimant argues, that in the interests of justice the Court should deem the service and filing of the claim to be timely under the relation back doctrine. 
The Court finds that claimant's reliance upon the relation back doctrine is misplaced as the relation back doctrine "focuses on the notice and prejudice to the added party" and the case at bar does not involve an "added party" (see Nemeth v K-Tooling, 40 NY3d 405, 408 [2023]). Additionally, the Court finds that claimant's arguments are contrary to the jurisdictional mandates of the Court of Claims Act which the Court does not have discretion to disregard in the interests of justice (see Lurie v State of New York, 73 AD2d 1006, 1007 [3d Dept 1980]). Thus, the cause of action accruing on May 31, 2021 warrants dismissal pursuant to the jurisdictional mandates of the Court of Claims Act because the claim was filed on July 12, 2023 and served on July 14, 2023, which is not within two years of May 31, 2021 (Court of Claims Act § 10 [3]).
To the extent that the claim alleges a cause of action for the wrongful death of the decedent on July 26, 2021, the State argues that said cause of action warrants dismissal on numerous grounds including the jurisdictional ground that claimant did not either serve a Notice of Intention to File a Claim or serve and file a claim within 90 days after being appointed the administrator of the estate on January 12, 2023 as required by Court of Claims Act § 10 (2). 
The Court finds that the claim filed on July 12, 2023 and served on July 14, 2023, was not timely filed and served within 90 days after claimant was appointed the administrator of the estate on January 12, 2023, as mandated by Court of Claims Act § 10 (2). Therefore, the cause of action for wrongful death warrants dismissal based upon claimant's failure to file and serve the claim within the statutory time period mandated by the Court of Claims Act (see Kolnacki, 8 NY3d; Dreger, 81 NY2d at 724).
In light of the Court's determination, the Court need not address the remaining issues raised by the parties.
Accordingly, the State's motion to dismiss the claim is hereby GRANTED.